HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAZHA A. ZEIRA,<br><br>             Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>             Defendant. | CASE NO. 12-cv-5227 RBL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |

THIS MATTER is before the Court on Plaintiff's Motion for Attorney's Fees, Costs, and Expenses pursuant to 28 U.S.C. § 2412 [Dkt. #26]. The underlying case involves plaintiff's request for judicial review of defendant's decision to deny disability benefits under the Social Security Act.

## I. BACKGROUND

On February 23, 2007, plaintiff filed an application for SSI benefits, alleging disability as of June 1, 2000. The application for benefits was denied upon initial review, and again on reconsideration. A hearing was held before an administrative law judge on October 28, 2010, and on January 13, 2011, the ALJ issued his decision finding plaintiff to be 'not disabled'. Plaintiff requested and was denied review of the ALJ's decision by the Appeals Council, making the

ALJ's decision final. On March 21, 2012, plaintiff filed a complaint with this Court seeking judicial review of the ALJ's decision.  On March 1, 2013, this Court adopted the Report and Recommendation of Magistrate Judge Karen L. Strombom, reversing and remanding defendant's decision to deny benefits. [Dkt. #23].  Judge Strombom concluded that the ALJ erred in determining plaintiff to be 'not disabled' and recommended that the defendant's decision be reversed and the matter remanded for further administrative proceedings. [Dkt. #17]. Specifically, Judge Strombom concluded that the ALJ erred in three respects.

    First, the ALJ erred in discounting the claimant's credibility on the basis that claimant's testimony regarding her living arrangements (she lives with her 16 year old son, her 17 year old daughter, a friend, and the caregiver of her children) was inconsistent with her assertion that she is agoraphobic. [Dkt. #17 at 20].  Judge Strombom concluded that the record failed to show that plaintiff's testimony regarding her living arrangements was necessarily inconsistent with her impairment of panic disorder with agoraphobia. *Id*.  However, because there were numerous reasons cited by the ALJ for discounting the witness's credibility, the fact that one of those reasons was improper did not render the ALJ's credibility determination invalid, since the determination was otherwise supported by substantial evidence in the record. *Id*. at 21. This errorwas thus inconsequential to the ALJ's overall credibility determination.

    Next, Judge Strombom concluded that the ALJ erred for failing to include in the residual functional capacity ("RFC") assessment, statements from Dr. van Dam that plaintiff "would work best [around] a few to no people," and that plaintiff "would have some difficulty adapting to changes in a competitive work environment." [Dkt. #17 at 26].  While Judge Strombom acknowledges that the two limitations set forth by Dr. van Dam were contained in the RFC assessment, they were only contained in the "Summary Conclusions" portion of the form but

were not included in the "Functional Capacity Assessment" portion of the form, the portion adjudicators use as the assessment of the claimant's RFC. [Dkt. #17 at 26 n. 10]. Additionally, Judge Strombom concluded that while the ALJ must include in its RFC assessment, "why the claimant's symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence," here, the ALJ's RFC assessment was ambiguous in that it contained contradictory statements regarding the claimant's capacity to perform less than the full range of sedentary work but that the claimant did not have any sitting, standing, or walking restrictions. [Dkt. #17 at 25]. As a result, Judge Strombom concluded that it could not be said that the RFC assessment accurately described all of plaintiff's mental functional limitations. *Id.* at 26.

Lastly, because the hypothetical questions posed to the vocational expert contained substantially the same incomplete list of limitations included in the ALJ's RFC assessment, the ALJ's Step Five finding that claimant is capable of performing other jobs existing in significant numbers in the national economy was invalid. [Dkt. # 17 at 27]. Thus, Judge Strombom concluded that the vocational expert's testimony had no evidentiary value and the ALJ erred by relying on it. *Id.*

Plaintiff was the prevailing party, and now brings this Motion for Attorney's Fees and Expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $8,792.06 in fees and $30.10 in expenses. [Dkt. #26].

## II.   DISCUSSION

Plaintiff is the prevailing party in this action and is entitled to an award of attorney's fees and expenses unless the position of the United States is "substantially justified." 28 U.S.C. § 2412(d)(1). For Defendant's position to be "substantially justified" it must "have a reasonable

basis in law and fact." *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008) (citing *Corbin v. Apfel*, 149 F.3d 1051 (9th Cir. 1998)). Moreover, "the government's position must be substantially justified at each stage of the proceedings." *Id*. Therefore, where, as here, the ALJ's decision was reversed on the basis of procedural errors, "the relevant question is whether the government's decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." *Id*.

**A. Substantially Justified**

The ALJ's underlying error here was (1) failing to include Dr. van Dam statements in the RFC assessment, and (2) failing to explain how plaintiff was able to perform less than the full range of sedentary work, while at the same time having no sitting, standing or walking restrictions. These errors led to an improper assessment of plaintiff's RFC, an improper determination of her ability to return to work, and an improper finding that she could perform other jobs existing in significant numbers in the national economy.

An ALJ is required to explain why significant probative evidence was rejected by citing clear and convincing evidence. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). In this case, because the ALJ's failed to include Dr. van Dam's statements in the "Functional Capacity Assessment" portion of the RFC assessment form, the RFC did not accurately describe all of plaintiff's mental functional limitations. As a result, the hypothetical questions posed to the vocational expert were not accurate and thus, the ALJ's reliance on the vocational expert's testimony was in error. Therefore, because the ALJ's decision did not have a reasonable basis in law and in fact, the government's defense of the ALJ's decision was not substantially justified.

**B. Reasonableness**

Plaintiff requests attorney's fees in the amount of $8,792.06 and expenses in the sum of $30.10. [Dkt. #26]. Defendant argues that the fee request based on 47.7 total hours is unreasonably large considering that 32.7 hours were spent on only partially successful opening and reply briefs and 5.6 hours were spent on plaintiff's unsuccessful objections and unauthorized reply. [Dkt. #27 at 7]. Defendant, therefore, suggests that a fee of $4,737.0 or less would be appropriate, reflecting a reduction of 16.4 hours for the opening and reply brief and 5.6 hours for the plaintiff's unsuccessful objections. *Id*. at 8.

In determining appropriate fees, a court must consider the results obtained, i.e., whether the prevailing party "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Hensley v. Eckhard*, 461 U.S. 424, 434 (1983). Consequently, "work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved." *Id*. at 435. Although plaintiff was successful on two of her 6 claims and the case was remanded for further proceedings, the Court found that the ALJ did not error in the following respects: (1) in finding that the claimant's impairments were "not severe" and not "medically determinable," (2) in evaluating the medical evidence in the record, (3) in rejecting the testimony of two lay witnesses, and (4) in making his credibility determination.

In light of the limited success on many of the plaintiff's arguments, the hours expended on briefing in 2012 and 2013 will be reduced to 25.7. The Court finds the rest of plaintiff's hours and the hourly rate reasonable.

### III. CONCLUSION

Plaintiff's Motion for Attorney's Fees and Expenses pursuant to 28 U.S.C. § 2412 [Dkt. #26] is GRANTED. Plaintiff is hereby awarded EAJA fees of $4,737.02 and expenses of $30.10.

IT IS SO ORDERED.

Dated this 2nd day of August, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE